# WHEELING.

## SECOND NATIONAL BANK OF IRONTON v. EWING et als.

Submitted June 24, 1882—Decided December 16, 1882.

1. A purchaser of land under a decree in an attachment suit, who consented to the confirmation of the sale, cannot appeal from subsequent decrees in the suit for alleged errors or irregularities therein. His consent to the confirmation is a waiver of errors whether in the sale or in the decree of confirmation. And an appeal by the purchaser in such case will be dismissed as improvidently awarded.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Cabell, rendered on the 24th day of March, 1881, in a cause in said court then pending, wherein the Second National Bank of Ironton was plaintiff and

Thomas Ewing and others were defendants, allowed upon the petition of Vesta Laidley.

Hon. Ira J. McGinniss, judge of the eighth judicial circuit, rendered the decree appealed from.

The facts of the case are sufficiently stated in the opinion of the court.

*John B. Laidley* for appellant cited the following authorities: Code ch. 125, § 37; 16 W. Va. 724; 9 W. Va. 492; 1 Wall. 655; 16 W. Va. 724, 731, 732; *Id.* 625; *Id.* 794; 13 W. Va. 442, 474; 12 W. Va. 567; Code ch. 130, § 22; 9 W. Va. 190; Potts. Devar. Stat. p. 231, 45 and notes; 53 Barb. 407; 17 W. Va. 292; 15 W. Va. 131, 165; Code ch. 106, § 23; Id. § 31; Ror. Jud. Sales, §§ 1, 13, 14, 15, 16, 106 and notes, 124, 128, 132; 26 Gratt. 746, 650; 29 Gratt. 598; 13 Gratt. 211; Ror. Jud. Sales, §§ 174 and notes 3, 474, 502; 2 Story Eq. §§ 1127, 1135; 2 Gratt. 199; 9 Gratt. 336; 69 *Id.* 431; Drake Attach. (4th Ed.) § 89 notes 1 & 2; 5 Mich. 98; 9 Wheat. 616; 13 Gratt. 211; 2 Rob. 412; 19 Gratt. 737; 14 W. Va. 387; 9 W. Va. 13; 11 W. Va. 427; 10 Gratt. 284; 9 Gratt. 131; 3 Munf. 94; 1 Wash. 145; 15 W. Va. 677; 12 W. Va. 1; 13 Am. Dec. 640; 10 Pet. 449; 9 W. Va. 681; Drake Attach. §§ 83, 90, 436, 437, 447, 448; 10 W. Va. 130; 4 W. Va. 600; 9 W. Va. 680; 21 Gratt. 373; 10 Wall. 308; 15 Ohio 435; Code ch. 178 § 8; Code ch. 169 § 1; Code ch. 106 § 26; Code I. R. C. Va. ch. 123 § 4; Sedg. Con. Stat. 56, 641; 14 J. R. 338.

No appearance for appellee.

SNYDER, JUDGE, announced the opinion of the Court:

Bill in equity and attachment by the Second National Bank of Ironton against Thomas Ewing and wife and others to subject a tract of land in Cabell county owned by said Ewings—they being non-residents—to the payment of a debt due from the said Thomas to the plaintiff. The attachment was levied on the land, order of publication duly executed and the cause regularly set for hearing. A decree of sale was entered, and a sale made at which Vesta Laidley, the ap-

pellant, became the purchaser. The sale was reported to court and by *the consent* of the appellant the sale was confirmed by a decree entered September 4, 1878. And by like consent of the appellant the defendants were allowed six months from the date of the decree to redeem the land by paying the plaintiff's debt and costs, and a copy of said decree was directed to be served upon the non-resident defendants. The said decree, also, directed that the plaintiff should give bond "with condition that it will perform such further order as may be made by the court in this suit in case the defendant appear and make defense herein within the time prescribed by law." A copy of said decree was served on the defendants, Ewing and wife, on March 5, 1879, in Washington, D. C. And by a subsequent decree, entered March 24, 1881, the court after citing that the defendants had been served with a copy of the decree aforesaid, and they having failed to appear or ask that the cause may be re-heard, confirmed the sale absolutely, and directed a deed to be made to the appellant for the land purchased by her as aforesaid. From this decree the purchaser, Vesta Laidley, appealed to this Court, and assigns as error that by said decree the sale to her "was confirmed without condition, and releasing the conditions of the decree of September 4, 1878, without requiring the plaintiff to give bond as required by law." The bond referred to, is the one provided for by section 23 chapter 106 of the Code.

The decree of September 4, 1878, expressly requires the plaintiff to give bond as provided in said section 23 chapter 106 of the Code. And section 31 of said chapter amply protects the title of a *bona fide* purchaser. It provides that such title shall in no wise be affected, questioned or impeached by any judgment or decree recovered in the suit by the defendants. And section 34 of said chapter provides, that if in any case, upon defense being made, it shall be ascertaind that the attachment was sued out without sufficient cause, judgment may rendered against the plaintiff. The only matter, it seems to me, which could give the purchaser a right to appeal would be a decree erroneously confirming or disaffirming the sale at which she purchased. Errors in the subsequent proceedings are matters in which

she has no concern and no right to appeal from. *Kable* v. *Mitchell* 9 W. Va. 492; *Capehart* v. *Dowery* 10 *Id.* 130.

The sale in this cause having been confirmed by the consent of the purchasher, she cannot appeal therefrom. *Marrion* v. *Fahy* 11 W. Va. 482; *Armstorng* v. *Wilson* 19 *Id.*

I am therefore, of opinion, that the appeal in this cause should be dismissed as improvidently awarded, and it is so ordered. No costs are awarded, because there was no appearance by any appellee in this Court.

THE OTHER JUDGES CONCURRED.

APPEAL DISMISSED.